# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GASTON JOSEPH DANJOU,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents*.

2:16-cv-00215-RFB-PAL

ORDER

    Petitioner Gaston Joseph Danjou has submitted a petition for a writ of habeas corpus and has now paid the filing fee.

    The court notes that the petition does not contain any substantive habeas claims, but instead states that it is a "protective petition" under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). It further indicates that petitioner is seeking a stay of federal proceedings until state remedies are exhausted. Thus, petitioner appears to be under the impression that, by filing such a petition, he is ensuring that his federal claims are heard by this court (assuming relief is not granted in state court).

    The problem with petitioner's proposed petition is that a petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7 (1977) (*citing* Advisory Committee Note to Rule 4, Rules Governing Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts which show that the petitioner is entitled to relief upon each specified ground. The facts alleged in the petition must be sufficient in detail to allow the court to determine

whether the petition should be summarily dismissed, or should be given further review. *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).

The petitioner's proposed petition fails to satisfy the foregoing pleading standard. In addition, the petition's effectiveness in protecting the timeliness of a future amended petition is undermined by the holding in *Mayle v. Felix*, 545 U.S. 644 (2005). In order for an amended claim to relate back for timeliness purposes it must share a common "core of operative facts" with a claim contained in the original petition. *Mayle*, 545 U.S. at 659. Accordingly, a petition that contains no substantive claims supported by operative facts does not suffice as a "protective petition."

As for his request for stay and abeyance, petitioner must demonstrate that there was good cause for the failure to exhaust his claims before proceeding in federal court, that at least one of his unexhausted claims is not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Based on the pleading filed by the petitioner, the court is unable to determine whether petitioner meets any of these criteria.

In light of the foregoing, the court will provide petitioner with the opportunity to file with the court an amended petition which corrects the pleading deficiencies identified above. If he chooses to do so, petitioner shall include in the amended petition any and all claims for habeas corpus relief of which petitioner is aware. Petitioner is advised, however, that if he chooses to proceed herein, his petition will be subject to dismissal if it contains unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) (holding that federal district courts may not adjudicate petitions for habeas corpus containing unexhausted claims). On the other hand, petitioner may be able to demonstrate that he is eligible for stay and abeyance as described above.

**IT THEREFORE IS ORDERED** that the Clerk shall FILE the petition for writ of habeas corpus. The Clerk shall refrain from serving the respondents at this time.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of the entry of this order on the record within which to file with the court an amended petition which corrects the deficiencies identified in this order and includes any and all claims for habeas corpus relief of which petitioner is aware.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order in the time and manner provided above, the court shall conclude that petitioner does not desire to pursue this matter, and shall enter an order dismissing this case, without prejudice.

Dated this __26th__ day of February, 2017.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE