# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GASTON JOSEPH DANJOU, *Petitioner*, vs. BRIAN E. WILLIAMS, *et al.*, *Respondents*. | 2:16-cv-00215-RFB-PAL<br><br>ORDER |

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254 brought by Gaston Danjou, a Nevada prisoner. On August 10, 2017, respondents filed a motion to dismiss arguing that Danjou's habeas petition is untimely under 28 U.S.C. § 2244(d), that all the claims in the petition are procedurally defaulted, and that one of the claims is not cognizable in this proceeding. ECF No. 14. Danjou has not responded to the motion.[1]

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period for filing a § 2254 petition, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

---

[1] Based on respondents' notice of returned mail (ECF No. 22) and the online records for the Nevada Department of Corrections (http://167.154.2.76/inmatesearch/form.php), it appears as if Danjou has been paroled. He has not provided this court with a new address.

1   such direct review." State court records provided by the respondents show that Danjou had 30 days
2   to file a direct appeal with the Nevada Supreme Court which expired on April 12, 2012. See Nev.
3   R. App. P. 4. He did not file a direct appeal. He did, however, file a state habeas petition on August
4   18, 2014, which the district court denied as untimely on May 5, 2015. The Nevada Court of Appeals
5   affirmed.
6       Danjou filed another state habeas petition on August 21, 2015, which the district court denied
7   as untimely on November 23, 2015. The Nevada Court of Appeals affirmed.
8       Because they were untimely filed, neither of the state habeas proceedings tolled the statutory
9   period. *See Pace v Diguglielmo*, 544 U.S. 408, 412–13 (2005). The instant action was not filed
10  until February 1, 2016, well beyond the one-year statutory period. ECF No. 6. *See Houston v. Lack*,
11  487 U.S. 266, 276 (1988) (under the "mailbox rule" a pro se petition is deemed filed when it is given
12  to prison authorities for forwarding to the court clerk).
13      Based on the foregoing, and in the absence of any opposition from Danjou, this court
14  concludes that this proceeding is untimely under 28 U.S.C. § 2244(d). Accordingly, the case shall
15  be dismissed with prejudice on that basis. The court need not reach respondents' additional
16  arguments for dismissal.
17      IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 14) is
18  GRANTED. The amended petition for writ of habeas corpus (ECF No. 7) is DISMISSED with
19  prejudice as untimely. The Clerk shall **enter** judgment accordingly.
20      IT IS FURTHER ORDERED that the court declines to issue certificate of appealability.
21      IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No.
22  12) is DENIED.
23  / / /
24  / / /
25  / / /

1       IT IS FURTHER ORDERED that respondents' motion for extension of time (ECF No. 13) is GRANTED *nunc pro tunc* as of July 20, 2017.

      Dated this __25th__ day of March, 2018.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE